US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAY 2 0 2019

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA ) 
 )
v. ) CRIMINAL NO. 6:19-CR-60008-SOH
 )
JARRAD OMAR LOCK )

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this agreement. The agreement of the parties is as follows:

### COUNTS OF CONVICTION AND DISMISSAL

1.      The defendant, **JARRAD OMAR LOCK,** hereby agrees to plead guilty to count two of the Indictment that charges him with the offense of distribution of a mixture or substance that contained methamphetamine, in violation of Title 21 U.S.C. § 841(a)(1). If the Court accepts this plea agreement, once the Court has pronounced sentence, the United States will move to dismiss the remaining counts of the Indictment pending against the defendant.

### ADMISSION OF FACTUAL BASIS IN SUPPORT OF GUILTY PLEA

2.      The defendant has fully discussed with defense counsel the facts of this case and the elements of the crime to which the defendant is pleading guilty. The defendant has committed each of the elements of the crime to which the defendant is pleading guilty, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

a.      During the course of an investigation into the distribution of methamphetamine that was being conducted by the 18th Judicial District East Drug Task Force and the United States Department of Homeland Security, the defendant, **JARRAD OMAR LOCK,** was identified as a

1

distributor of methamphetamine in the Hot Springs Division of the Western District of Arkansas. As the investigation progressed, several controlled purchases of methamphetamine from the defendant took place.  One such transaction occurred on July 31, 2018.  To initiate the controlled transaction, investigators met with a reliable, confidential informant or "CI."  The investigators searched the CI and the vehicle used by the CI for contraband with negative results, and also provided the CI with audio/video recording equipment along with $800.00 in official buy funds. The CI then travelled to a location in Malvern, Arkansas, which is located in the Western District of Arkansas Hot Springs Division, where the transaction was set to take place.  Investigators followed the CI to the meet location and conducted surveillance of the area during the transaction. Upon arrival at the meet location, the CI went inside a small shop like building on the property where the defendant distributed approximately one and one quarter of an ounce of methamphetamine to the CI in exchange for the $800.00 in official buy funds.

      b.      Following the transaction, investigators met with the CI at a pre-determined location.  The CI gave the investigators the methamphetamine distributed by the defendant as well as the audio/video surveillance equipment.  The methamphetamine distributed by the defendant to the CI was field tested, and it field tested positive for the presence of methamphetamine.  It was later sent to the Arkansas State Crime Laboratory for additional testing.

      c.      The defendant was arrested on March 25, 2019.  Investigators advised the defendant of his *Miranda* rights, which he waived.  The defendant agreed to provide a statement to the investigators.  The defendant admitted that he had been distributing methamphetamine in the areas of Malvern and Hot Springs for approximately ten years.

      d.      Based on the evidence obtained throughout the investigation, the United States could prove that the defendant, **JARRAD OMAR LOCK**, knowingly and intentionally distributed

a mixture or substance that contained methamphetamine in the Hot Springs Division of the Western District of Arkansas on July 31, 2018.

## ADVICE OF RIGHTS

3.    The defendant hereby acknowledges that he has been advised of his constitutional and statutory rights.  Further, the defendant agrees that he fully understands his right:

     a.    To have an attorney and if he cannot afford an attorney, to have one provided to him and paid for at government expense;

     b.    To persist in his plea of not guilty;

     c.    To have a speedy and public trial by jury;

     d.    To be presumed innocent until proven guilty beyond a reasonable doubt;

     e.    To confront and examine witnesses who testify against him;

     f.    To call witnesses on his behalf;

     g.    To choose to testify or not testify and that no one could force him to testify;

     h.    To have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

4.    The defendant hereby acknowledges that he understands with respect to the count to which he pleads guilty, he thereby WAIVES all of the rights listed in (b) through (h) of the above paragraph.

## WAIVER OF ACCESS TO RECORDS

5.    The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

6.      The defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. §
3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the
investigation or prosecution of this matter.

## EFFECTS OF BREACH OF
## THIS AGREEMENT BY DEFENDANT

7.      Defendant agrees that if after signing this plea agreement the defendant commits
any crimes, violates any conditions of release, or fails to appear for sentencing, or if the defendant
provides information to the Probation Office or the Court that is intentionally misleading,
incomplete, or untruthful, or if the defendant violates any term of this plea agreement, takes a
position at sentencing which is contrary to the terms of this plea agreement or attempts to withdraw
from this plea agreement, this shall constitute a breach of this plea agreement which shall release
the United States from any and all restrictions or obligations placed upon it under the terms of this
agreement and the United States shall be free to reinstate dismissed charges or pursue additional
charges against the defendant.  The defendant shall, however, remain bound by the terms of the
agreement, and will not be allowed to withdraw this plea of guilty.

8.      The defendant further agrees that a breach of any provision of this plea agreement
shall operate as a WAIVER of defendant's rights under Rule 11(f) of the Federal Rules of Criminal
Procedure and Rule 410 of the Federal Rules of Evidence and the government shall be allowed to
use and to introduce into evidence any one or more of the following:

          a.   admissions against interest, both oral and written, made by defendant to any
              person;

          b.   statements made by the defendant during his change of plea hearing;

          c.   the factual basis used at the change of plea hearing;

    d.  any testimony given under oath to a grand jury or petit jury;

    e.  any and all physical evidence of any kind which the defendant has provided to the government; and

    f.  any and all information provided by the defendant to the government's attorneys, or to federal, state, county, and/or local law enforcement officers.

## WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS

9.    In exchange for the United States' concessions in this Plea Agreement, the Defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, as follows:

    a.  the Defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);

    b.  the Defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

    c.  the Defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the Defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 125 S. Ct. 738 (2005);

    d.  the Defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct;

    e.  the Defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the United States;

    f.  the Defendant waives the right to appeal the District Court's determination of the amount of restitution and the Court's subsequent restitution order, if any; and

    g.  the Defendant waives the right to appeal the District Court's determination of any forfeiture issues and the Court's subsequent forfeiture order, if any.

## MAXIMUM PENALTIES

10.    The defendant hereby acknowledges that he has been advised of the maximum penalties for the count to which he is pleading guilty. By entering a plea of guilty to count two of the Indictment, the defendant agrees that he faces:

    a.  a maximum term of imprisonment of twenty years;

    b.  a maximum fine of $1,000,000;

    c.  both imprisonment and a fine;

d. a term of supervised release for not less than 3 years or not more than life which begins after release from prison;

e. a possibility of going back to prison if the defendant violates the conditions of supervised release; and

f. a special assessment of $100.00.

## CONDITIONS OF SUPERVISED RELEASE

11.     The Defendant acknowledges that if a term of supervised release is imposed as part of the sentence, the defendant will be subject to the standard conditions of supervised release as recommended by the United States Sentencing Commission and may be subject to other special conditions of supervised release as determined by the court. The standard conditions of supervised release are as follows:

a. The defendant shall report to the probation office in the federal judicial district where he is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

b. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

c. The defendant shall not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation officer.

d. The defendant shall answer truthfully the questions asked by the probation officer.

e. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he lives or anything about his living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

f. The defendant shall allow the probation officer to visit the defendant at any time at his home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

g. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he shall try to find

full- time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

h.   The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

i.   If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

j.   The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or Tasers).

k.   The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

l.   If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

m.   The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

## NO OTHER CHARGES

12.   The government agrees that no other federal charges, which stem from activities described in the Indictment, will be brought against the defendant in the Western District of Arkansas.

## SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

13.   The parties acknowledge that the Court shall consult and take into account the United States Sentencing Commission Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the defendant to any sentence within the statutory range.

**AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE**

14.    The defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case.  The defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the District Court.  Further, the defendant acknowledges that the actual range may be greater than contemplated by the parties.  In the event that the actual guideline range is greater than the parties expected, the defendant agrees that this does not give him the right to withdraw his plea of guilty.

**RELEVANT CONDUCT CONSIDERED**

15.    At the sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of the Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

**PERJURY**

16.    In the event that it is determined that the defendant has not been truthful with the Court as to any statements made while under oath, this plea agreement and shall not be construed to protect the defendant from prosecution for perjury or false statement.

**CONCESSIONS BY THE GOVERNMENT**

17.    The government agrees not to object to a finding by the probation office or a ruling of the court which awards the defendant an appropriate-level decrease in the base offense level for acceptance of responsibility.  If the offense level in the Presentence Report is 16 or greater, and

the Presentence Report awards two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points. However, the Government will not be obligated to move for an additional one-point reduction or recommend any adjustment for acceptance of responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following a) falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement, b) falsely denies additional relevant conduct in the offense, or gives conflicting statements about that involvement, c) is untruthful with the Government, the Court or probation officer, or d) materially breaches this plea agreement in any way.

## GOVERNMENT'S RESERVATION OF RIGHTS

18.     Although the government agrees not to object to certain findings by the probation office or to rulings of the court, it reserves the right to:

   a.   make all facts known to the probation office and to the court;

   b.   call witnesses and introduce evidence in support of the Presentence Report;

   c.   contest and appeal any finding of fact or application of the Sentencing Guidelines;

   d.   contest and appeal any departure from the appropriate Guideline range;

   e.   defend the rulings of the District Court on appeal, even those for factors on which the government has agreed to make no recommendations, not to object, and/or to make recommendations.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

19.     The government's concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure.  As a result, if the Court should reject the defendant's requests or recommendations for certain findings of fact or

applications of the Guidelines, the defendant acknowledges that there is no right to withdraw the guilty plea.

## DISMISSAL OF COUNTS

20.     The United States' agreement to dismiss the remaining counts of the Indictment is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.  As a result, if the Court should reject the United States' motion to dismiss the remaining counts of the Indictment, the defendant shall be afforded the right to withdraw his plea pursuant to Rule 11(c)(5)(B) of the Federal Rules of Criminal Procedure.

## AGREEMENT NOT BINDING ON THE COURT

21.     The parties agree that nothing in this agreement binds the District Court to:
   a.   make any specific finding of fact;
   b.   make any particular application of the Sentencing Guidelines;
   c.   hand down any specific sentence;
   d.   accept this plea agreement.

22.     The government and the defendant acknowledge that the Court has an obligation to review the Presentence Report before it accepts or rejects this plea agreement.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

23.     The parties agree that this plea agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

## SPECIAL ASSESMENT

24.     The defendant agrees that he will pay $100.00 as the special assessment in this case.

## REPRESENTATIONS BY THE DEFENDANT

25.     By signing this plea agreement, the defendant acknowledges that:

a. The defendant has read this agreement carefully and reviewed every part of it with defense counsel.
b. The defendant fully understands this plea agreement and is not under the influence of anything that could impede the defendant's ability to fully understand this plea agreement.
c. No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this plea agreement.
d. The defendant is satisfied with the legal services provided by defense counsel in connection with this plea agreement and matters related to it.
e. The defendant has entered into this plea agreement freely, voluntarily, and without reservation and the defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the defendant or anyone connected with the defendant.

## REPRESENTATIONS BY DEFENSE COUNSEL

26. By signing this plea agreement, counsel for the defendant acknowledges that:

a. Counsel has carefully reviewed every part of this agreement with the defendant and this agreement accurately and completely sets forth the entire agreement between the United States and the defendant.
b. Counsel has explained the ramifications of the plea agreement to the defendant, and believes that the defendant understands this plea agreement, what rights are being lost by pleading guilty, and what the government has agreed to do in exchange for the plea of guilty.
c. The defendant's decision to enter into this agreement is an informed and voluntary one.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

27. The defendant and his attorney both acknowledge that this plea agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the defendant to change his plea to guilty.

Dated this ____ day of _____, 2019.

_____
Jarrad Omar Lock
Defendant

DUANE (DAK) KEES
UNITED STATES ATTORNEY

By: _____
Kimberly D. Harris
Assistant United States Attorney

_____
Alex Wynn
Attorney for the Defendant